# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CAROLYN BOX,                                                                  PLAINTIFF,

VS.                                                                    CIVIL ACTION NO. 4:05CV139-P-B

REGIONS BANK, F/K/A
UNION PLANTERS BANK,                                       DEFENDANT.

## FINAL JUDGMENT

This matter comes before the court upon Defendant's Motion to Dismiss for Failure to State a Claim [10-1] and Motion to Dismiss for Lack of Jurisdiction [11-1]. After due consideration of the motion, the court finds as follows, to-wit:

The plaintiff filed the instant action on April 6, 2005 in the Circuit Court of Washington County, Mississippi alleging conversion and negligence for improper payment of checks and other debit items on her checking account, wrongful conversion of funds from her checking account, wrongfully threatening to arrest the plaintiff, wrongfully attempting to foreclose her property, and wrongfully causing the plaintiff to file bankruptcy.

On June 14, 2005 the defendant removed to federal court on the basis of diversity jurisdiction since the plaintiff is a citizen of Mississippi, the defendant is a citizen of Alabama, and the amount in controversy exceeds $75,000.

On September 2, 2005 the defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking enforcement of at least three arbitration agreements to which both parties agreed. On that same day, the defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction since the U.S. Bankruptcy Trustee has not been made

1

a party to this action after the defendant's petition was converted from Chapter 13 to Chapter 7 on April 6, 2005, the same day the instant complaint was filed.

On September 7, 2005 the court entered an Order staying all proceedings in this case pursuant to §362(a) of the Bankruptcy Code with the exception of the defendant's motions to dismiss. The plaintiff's deadline to respond to those motions was September 19, 2006. No response was filed, nor did the plaintiff otherwise inform the court of a need for additional time. Local Rule 7.2(c)(3) requires a party to notify the court if the party intends not to respond to a motion. Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

In any event, the court concludes that the defendant's Rule 12(b)(6) motion should be granted since it is undisputed that the plaintiff signed agreements to arbitrate all disputes arising from her loans with the defendant on July 23, 2003, October 21, 2003, and March 10, 2004.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

A person is bound by the contents of a contract she signs, whether she reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes.");

*Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

Rather than stay the instant proceedings pending the outcome of arbitration, the court concludes that this action should be dismissed without prejudice. This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss for Failure to State a Claim [10-1] is **GRANTED**;

(2) Defendant's Motion to Dismiss for Lack of Jurisdiction [11-1] is **DENIED AS MOOT**;

(3) The plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** and **COMPELLED TO BINDING ARBITRATION**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 29th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE